# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Pipe Trades Services of Minnesota, Inc., a Minnesota non-profit corporation,<br><br>    Plaintiff,<br>v.<br><br>Nelson Mechanical, Inc., a Minnesota corporation,<br>    Defendant. | Civil Action No. _____<br><br><br>**COMPLAINT** |

Plaintiff, as and for its Complaint against the Defendant, states and alleges as follows:

## INTRODUCTION

1. This action is brought pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA") to collect unpaid employee fringe benefit contributions owed by the Defendant and to enforce other obligations of the Defendant under ERISA and under the terms of a collective bargaining agreement to which the Defendant is bound.

## PARTIES

2. Plaintiff Pipe Trades Services of Minnesota, Inc. ("PTSMN") is a Minnesota non-profit corporation, with its principal place of business in St. Paul, Minnesota. Pursuant to written agreements, PTSMN is, among other things, responsible for collecting, including by pursuing actions like the present one, fringe benefit contributions owed by employers to certain nonprofit tax-exempt employee fringe benefit plans, commonly and

collectively referred to as the "Pipe Trades Services MN Fringe Benefit Funds" (referred to herein as the "PTSMN Funds"). The PTSMN Funds were established to provide pension, health, disability, death and other fringe benefits to employees who perform work under the jurisdiction of various local unions of the United Association of the Plumbing and Pipe Fitting Industry of the United States and Canada, AFL-CIO, including Local Union No. 539 Minneapolis and St. Cloud ("Local 539").

3. The PTSMN Funds are multi-employer, jointly-trusteed, fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. §186(c)(5), and are "multi-employer plans" as defined at 29 U.S.C. §1002(37)(A), which is part of ERISA. Two funds for which the PTSMN collects contributions, the "Working Fund" and the "Industry Fund", may not be "multi-employer plans" and as to these funds the PTSMN, as stated below, requests that the court take supplemental jurisdiction over the claim for amounts owed to these funds.

5. PTSMN is a fiduciary under ERISA as defined in 29 U.S.C. §1002(21) and is authorized to commence this action under 29 U.S.C. §1132, including subsections (e)(1) and (g)(2), on behalf of the PTSMN Funds.

6. Defendant Nelson Mechanical, Inc. ("Nelson Mechanical") is a corporation organized and existing under the laws of the State of Minnesota, having a registered address at 13236 Whippoorwill Court, South Haven, Minnesota 55382.

## JURISDICTION

7. This court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e). Subject matter jurisdiction is also conferred by Section 301 of the LMRA, 29 U.S.C. §185,

and also by 28 U.S.C. §1331.  To the extent the court does not have original jurisdiction over a claim of breach for amounts owed to a particular fund, PTSMN requests that the court take supplemental jurisdiction over such claims pursuant to 28 U.S. C. §1367(a).

8. Venue of this action in this district is proper pursuant to 29 U.S.C. §1132(e)(2) (§502(e)(2) of ERISA), insofar as the PTSMN Funds are administered in this district, the breaches set out herein occurred in this district, and Nelson Mechanical resides in this district.

## ALLEGATIONS

**Agreements Obligating Nelson Mechanical to Pay Fringe Benefits**

9. The PTSMN Funds are established to provide pension, health, and other benefits to individuals performing labor in the trades, or to the eligible dependents of such individuals, that are under the jurisdiction of Local 539 or other U.A. local unions, and who work for employers that are bound to a collective bargaining agreement with Local 539, or other U.A. local unions.

10. Nelson Mechanical signed the *Working Agreement* between Local 539 and the Minnesota Mechanical Contractors Association, Minneapolis, effective May 1, 2013 through April 30, 2016, and automatically extended for additional one year terms unless notice is given as provided in the agreement.  Nelson Mechanical also signed the *Working Agreement* between Local 539 and the Minnesota Mechanical Contractors Association, St. Cloud, effective May 1, 2013 through April 30, 2016, and automatically extended for additional one year terms unless notice is given as provided in the agreement (the two *Working Agreements* are referred to collectively as "CBAs").  The CBAs expressly provide

that Nelson Mechanical is subject to the terms of the trust agreements establishing the PTSMN Funds and that Nelson Mechanical is subject to administrative rules in effect or promulgated by the trustees of the various trust funds.

11. Pursuant to 29 U.S.C. §1145, every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

12. The CBAs require that each and every month Nelson Mechanical submit fringe benefit contribution reports and pay the fringe benefit contributions owed to the PTSMN Funds for each hour worked in the immediately preceding month by all employees covered by the CBA. For the PTSMN Funds, the reports and fringe benefit contributions are due on or before the 15th day of the month. An employer who fails to timely report and pay fringe benefit contributions is referred to as "delinquent."

13. Pursuant to 29 U.S.C. §1132(g)(2)(C), 29 U.S.C. §1145, and the CBAs, if Nelson Mechanical failed to timely report and pay fringe benefit contributions, then, in addition to those contributions, Nelson Mechanical became obligated to pay Plaintiff, among other things, interest on the unpaid contributions, plus an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages in an amount of ten percent (10%) of the unpaid contributions. Pursuant to the trust agreements and rules promulgated by PTSMN and the trustees of the various trust funds, if contributions are not paid within five (5) days of the due date the employer is obligated to pay a liquidated damages assessment of three percent (3%) of the contributions owed, and if

contributions are still not paid within ten (10) days of the due date then the liquidated damages assessment increases to ten percent (10%). Nelson Mechanical has not paid any of the delinquent contributions set out herein and, therefore, a ten percent liquidated damages assessment applies to all such contributions.

**Nelson Mechanical Fails to Pay Fringe Benefit Contributions**

14. On September 14, 2018, Nelson Mechanical submitted overdue fringe benefit reports for June and July 2018 and its fringe benefit report for August 2018.

15. The reports submitted by Nelson Mechanical indicate that Nelson Mechanical employees recorded 916 hours in covered employment for work performed May 27, 2018 through August 25, 2018.

16. Nelson Mechanical failed to pay the contributions owed to the PTSMN Funds for the covered hours worked from May 27, 2018 through August 25, 2018 (June, July, and August hours). The base contributions owed to the PTSMN Funds, but not paid by Nelson Mechanical, for hours worked from May 27, 2018 through August 25, 2018 is $25,343.49. In addition, liquidated damages are now due and owing as a result of the non-payment in the amount of $2,531.34.

17. The total amount of base contributions and liquidated damages known to be due and owing by Nelson Mechanical to the Plaintiffs is $27,844.83. Despite several demands by PTSMN, Nelson Mechanical has not made payment of the amounts due. Additional amounts may become due or found to be due during the course of this action.

**Payment and Other Obligations Resulting From Nelson Mechanical's Delinquency**

18. Upon a delinquency and in any action to collect such delinquency, the CBAs

and applicable law obligate the employer to pay amounts in addition to the fringe benefit contributions due and owing.

19. Pursuant to 29 U.S.C. §1132(g)(2), 29 U.S.C. §1145, and the CBAs, as a result of the delinquency the Defendant is required to pay and the Court shall award to Plaintiff:

    A. The unpaid contributions;

    B. Interest on the unpaid contributions at the rate provided under the plan, or if none, the rate prescribed under 26 U.S.C. §6621;

    C. An amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages of ten percent (10%) of the unpaid contributions;

    D. Reasonable attorneys' fees and costs of this action; and,

    E. Such other legal or equitable relief as the Court deems appropriate.

20. In addition to the relief set forth above, Plaintiff is entitled, pursuant to 29 U.S.C. §1132(a)(3), to an injunction enjoining any act or practice which violates any provision of subchapter I of ERISA and to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of that subchapter or the terms of the Trust Fund plan document.

21. Pursuant to the CBAs, Nelson Mechanical, as an employer delinquent in any obligation to the PTSMN Funds, is now required to post a bond or deposit cash, as approved by and deposited with PTSMN, in an amount to be fixed by PTSMN and

sufficient to pay all amounts due and owing to the PTSMN Funds for at least three (3) months in advance. Further, Nelson Mechanical is now obligated to pay fringe benefit contributions once a week not later than three (3) days after the end of the week. These additional obligations and requirements are expressly made permanent by the CBAs.

## CLAIM FOR RELIEF

22. As set forth above, Nelson Mechanical has breached the terms and conditions of the the CBAs, violated ERISA, and is in default of its obligations to the PTSMN Funds and to the Plaintiff, and the Plaintiff is entitled to the relief demanded below.

23. As a result of Nelson Mechanical's breach, violations of law and default, the Plaintiff is entitled to all the relief set forth above and requested below, including, but not limited to, a monetary judgment for the full amount of all unpaid fringe benefit contributions, including any amounts found due and owing through audit or as a result of any subsequent delinquency, interest on those unpaid contributions as provided in the plan, an additional amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages of ten percent (10%) of the unpaid contributions, reasonable attorneys' fees and costs incurred by the Plaintiff in pursuing collection, and the posting of a surety bond or cash.

**WHEREFORE**, Plaintiff respectfully requests that the Court order that judgment be entered as follows:

1. Awarding to Plaintiff and against the Defendant all unpaid fringe benefit contributions;

2. Awarding to Plaintiff and against the Defendant an amount equal to all unpaid fringe benefit contributions due and owing the PTSMN Funds for work performed throughout the pendency of this action;

3. Awarding to Plaintiff and against the Defendant interest on all unpaid fringe benefit contributions;

4. Awarding to Plaintiff and against the Defendant an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages of ten percent (10%) of the unpaid contributions;

5. Awarding to Plaintiff and against the Defendant their reasonable attorneys' fees and costs incurred in this action;

6. Ordering Nelson Mechanical to post with PTSMN a surety bond or cash in an amount sufficient to pay three months of contributions in advance and to begin reporting and paying contributions each and every week, and making each of those obligations permanent; and

7. Granting such other legal or equitable relief as the Court deems appropriate.

|                              | **LEONARD, O'BRIEN,**              |
|                              | **SPENCER, GALE & SAYRE, LTD**     |
| Dated: October 12, 2018      | By:   /s/ Stacey L. Drentlaw       |
|                              | Thomas C. Atmore, #191954          |
|                              | *tatmore@losgs.com*                |
|                              | Stacey L. Drentlaw, #285201        |
|                              | *sdrentlaw@losgs.com*              |
|                              | 100 South Fifth Street, Suite 2500 |
|                              | Minneapolis, Minnesota 55402       |
|                              | Telephone: (612) 332-1030          |
|                              | Facsimile: (612) 332-2740          |

ATTORNEYS FOR PLAINTIFF